## EDMUNDS *v.* GRIFFIN.

An objection to a magistrate taking a deposition must be regarded as waived, unless made at the caption, provided the objection was known to the party or his counsel.

When a person, having a quitclaim deed of a tract of land from one who held it by deed of warranty, made entry upon it, and then conveyed it

to the demandant. *Held,* that the latter had such seizin as would enable him to maintain a writ of entry against a wrong doer.

As the demandant offered no evidence of title beyond possession, it was competent for the defendants to show that the conveyances under which the plaintiff claimed, did not include the land in dispute, and that the entry made by his grantor was not under claim of title.

THIS was a writ of entry for a tract of land in Auburn, to which the defendants pleaded, as to part, *nul disseizin,* and disclaimed the residue; and upon trial of the general issue, the plaintiff introduced several deeds, conveying with warranty, lands in Auburn, by a description which embraced, as he alleged, the land in dispute, and proved entry by those grantees under their deeds. Under these conveyances, the plaintiff deduced a title to himself of the same land, though by deed of quitclaim.

To prove an entry upon the land so conveyed, by persons under whom the plaintiff claimed, and that the description embraced the land in dispute, the plaintiff offered the deposition of William Graham, one of the said former owners, to the reading of which the defendants objected, upon the ground that the magistrate, before whom it was taken, and the plaintiff married sisters; but it appearing that the objection was known to the defendants at the time of the caption, though not to their counsel, and no exception taken, the court admitted the deposition.

From that deposition, it appeared that Graham had formerly been in possession of the Blanchard Mills, under a deed from one Choate, whose title the plaintiff claimed, as before stated, and he was permitted to state, against the defendants' exception, that the land in controversy belonged to the mill lot, of which he was formerly in possession, it appearing from his deposition that he was acquainted with it, and had entered upon it. The part objected to was the statement that it belonged to the mill lot.

The defendants then offered to prove that the title put

in by the plaintiff did not cover the land in controversy, and to show more particularly the manner of the occupation of said Graham, but claimed no title to the premises themselves. But the court ruled that the plaintiff, having established a *primâ facie* title, the defendants must show title in themselves, in order to maintain their defence; and that, having jointly pleaded *nul disseizin*, they must show themselves joint tenants of the freehold. The defendants, however, offered no title in themselves. Whereupon a verdict was directed for the plaintiff, for the demanded premises, and the question of law reserved.

*S. N. Bell*, for the plaintiff.

*W. C. & S. G. Clarke*, for the defendants.

BELLOWS, J. It is not necessary to settle the question whether the magistrate was disqualified, by his relationship to the plaintiff, for taking the deposition of William Graham, although the court would hesitate long before they would hold such relationship not to be a disqualification. But however this may be, we think the objection was waived by the omission to make it at the caption. *Whitcher* v. *Whitcher*, 11 N. H. 348; *Warren* v. *Glynn*, 37 N. H. 340. Nor is the result changed by the fact, that the objection was known only to the party, and not to his counsel. In *Rollins* v. *Ames*, 2 N. H. 349, it was held that an objection to a juror would be regarded as waived, unless the party and his counsel showed that they were ignorant of the cause of challenge, at the time of the trial; and so in *State* v. *Rand*, 33 N. H. 216, and *Warren* v. *Glynn*, before cited. In these cases, no distinction is made between knowledge of the objection in the party or in the counsel, and we see no ground for any.

The objection to the answer of Graham is not insisted on in the argument, nor do we see any ground for serious

objection; that clause being nothing more than a repetition of the former part of the answer, to the effect that the tract in question was included within the limits of the tract taken possession of and occupied by the witness.

To prove title, the plaintiff offered the deeds of John Webster to Joseph Blanchard, and of said Blanchard to the Amesbury Nail Factory Company, of the land in dispute, as was claimed, and both with covenants of warranty; and then deeds of quitclaim, conveying the same land from this company, through the witness, Graham, and others, to the demandant; and he also proved an actual entry by Graham under the deed to him, in 1832 or 1833, and also in 1856.

These conveyances, although that to the plaintiff was only a quitclaim deed, transmitted to him all the title of Blanchard and the Amesbury Nail Company, who held under deeds of warranty, and also the seizin of Graham, acquired by actual entry, and gave him color of title. The entry of Graham upon a part of the entire tract, gave him seizin of the whole; and that, being transmitted to the plaintiff, is sufficient to enable him to sustain the action against one having no better title.

We think, however, that the defendants should have been allowed to prove that the land in dispute was not included in the deeds, for in that case the right of the plaintiff might have been limited to what he actually occupied; and so they should have been allowed to introduce evidence as to the manner of Graham's occupation, if designed to limit its extent, or show it to be without claim of title. What was its purpose is not reported, but the ruling of the court excluded it, upon the ground that the plaintiff, having shown a *primâ facie* title, the defendants must show title in themselves, in order to maintain their defence; and having jointly pleaded *nul disseizin*, they must show themselves joint tenants of the freehold. This ruling, we think, was erroneous, and the evidence ought to have been received.

The declaration charges a joint disseizin, and the plea admits it, and the issue is upon the demandant's title, and it is clearly competent for the defendants to show that the demandant's seizin did not extend to the land in dispute, or a part of it. The verdict must, therefore, be set aside, and

*A new trial granted.*